IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VITAL PROTEINS, LLC, | |
| Plaintiff, | Civil Action No. 17-cv-7115 |
| v. | |
| SAKARA LIFE, INC., | |
| Defendant. | |

## VITAL PROTEINS, LLC'S COMPLAINT
## FOR DECLARATORY JUDGMENT AND RELIEF

NOW COMES Plaintiff, Vital Proteins, LLC (hereinafter "Vital Proteins" or "Plaintiff"), by and through its attorneys, Amin Talati Upadhye, LLP, and complains of Defendant, Sakara Life, Inc. (hereinafter "Sakara Life" or "Defendant"), as follows:

### NATURE OF THE ACTION

1.      Vital Proteins seeks a declaratory judgment of non-infringement of alleged registered and unregistered trademark rights asserted against it by Sakara Life.  Vital Proteins further seeks declaratory judgment that it is not liable to Sakara Life under any theory of liability that has been threatened, including but not limited to federal trademark infringement, federal false designation of origin and unfair competition and unfair competition.  Finally, Plaintiff seeks cancellation of Defendant's registration of the descriptive term BEAUTY WATER.

### PARTIES

2.      Plaintiff Vital Proteins, LLC is an Delaware limited liability company with a principal place of business at 545 Busse Road, Elk Grove, Illinois 60007.

3.     Defendant Sakara Life, Inc. is a Delaware corporation with a principal place of business at 580 Broadway, Suite 210, New York, NY 10012.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this action for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgments Act); 115 USC5 U.S.C. § 1121 (the Lanham Act); and 28 U.S.C. §§ 1331 and 1338.

5.     This Court has jurisdiction over Defendant because Defendant has sufficient minimum contacts with this State and the maintenance of this suit in this Court does not offend traditional notions of fair play and substantial justice. Such contacts include, without limitation: Defendant directed a cease and desist letter and legal demand to Plaintiff, who resides and operates its principal place of business within the District; Defendant knowingly markets and places its products in the stream of commerce for consumption by citizens of the Northern District of Illinois; upon information and belief, Defendant solicits customers and does business generally within this forum; and Defendant maintains an interactive website promoting its Product to citizens of the Northern District of Illinois.

6.     Venue is proper under 28 U.S.C. § 1391(b) and (c). Jurisdiction is proper over the Defendant, and upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.     On April 10, 2017, Vital Proteins filed an application (Serial Number 87/405,572) for the registration of the word mark "COLLAGEN BEAUTY WATER" for use in connection with dietary supplements containing proteins.

8.     Sakara Life purports to be the owner of the mark "BEAUTY WATER", U.S. Trademark Registration No. 5,191,172, for use in connection with "mineral, vitamin, or nutritionally enhanced water" products.

9.     Sakara Life has threatened to file a lawsuit against Vital Proteins complaining of Lanham Act violations, alleging that Vital Proteins' use of the mark "COLLAGEN BEAUTY WATER" constitutes trademark infringement of Sakara Life's "BEAUTY WATER" mark.

10.     Sakara Life further alleges that Vital Proteins' use of its "COLLAGEN BEAUTY WATER" mark is likely to cause confusion with Sakara Life's "BEAUTY WATER" mark in violation of the federal Lanham Act as well as undisclosed violations of federal and state law.

11.     Sakara Life has threatened the filing of a complaint against Vital Proteins unless Vital Proteins complies with its meritless demands.

12.     Vital Proteins denies these allegations and any other allegations threatened by Sakara Life claiming that it is entitled to any relief whatsoever.

13.     As a result, an actual substantial and continuing controversy exists between the parties surrounding the claims threatened by Sakara Life.

## COUNT ONE
### (Non-Infringement of Trademarks)

14.     Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

15.     This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As an actual justiciable controversy exists by way of the Trademark Infringement claims threatened by Sakara Life and Plaintiff Vital Protein seeks relief from this Court by way of a legal determination that its actions do not constitute an infringement of Sakara Life's registered trademarks.

16.     Plaintiff is entitled to declaratory judgment that its use of "COLLAGEN BEAUTY WATER" marks is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights owned by Sakara Life, namely Sakara Life's BEAUTY WATER Mark.

## COUNT TWO
### (No Unfair Competition)

17.     Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

18.     This is a declaratory judgment action under federal and state unfair competition laws, and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the unfair competition claims threatened by Sakara Life and Plaintiff Vital Protein seeks declaratory relief from this Court.

19.     Plaintiff is entitled to declaratory judgment that the use of its "COLLAGEN BEAUTY WATER" marks does not unfairly compete with Defendant or constitute a false designation of origin of Defendant's BEAUTY WATER mark.

## COUNT THREE
### (Cancelation of Trademark)

20.     Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

21.     Defendant is the registrant of the mark BEAUTY WATER for use in connection with "mineral, vitamin, or nutritionally enhanced water" products," U.S. Trademark Registration No. 5,191,972 ("the '972 Registration").

22.     This is an action involving a registered mark, i.e., the mark set forth in the '972 Registration. Accordingly, this Court is granted jurisdiction to "determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled

registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119.

23.     Defendant's BEAUTY WATER mark is descriptive in that it immediately describes the services offered under that mark, namely, water to enhance one's own beauty. Defendant's BEAUTY WATER mark has no secondary meaning, and has not become "distinctive of [its] [goods] in commerce."  15 U.S.C. § 1052(f).

24.     If the Defendant's mark continues to be registered, Defendant will theoretically maintain at least a *prima facie* exclusive right to use the mark in connection with the specified goods. Allowing Defendant to improperly appropriate a descriptive term such as "BEAUTY WATER" would be a source of damage and injury to the Plaintiff, as well as to consumers and other entities, by harming competition, by limiting Plaintiff's use of descriptive wording and by subjecting it to baseless threats such as the one contained in Defendant's cease and desist demand letter.

25.     Accordingly, the trademark is invalid, and the '972 Registration should be cancelled.

**PRAYER FOR RELIEF**

**WHEREFORE,** Vital Proteins, LLC respectfully requests that this Court grant relief and judgment in its favor and against Defendant Sakara Life, Inc. as follows:

A.     An Order declaring that Vital Proteins has not infringed on any valid registered or unregistered trademark rights owned by Sakara Life;

B.     An Order declaring that any valid trademark rights held by Sakara Life are unenforceable against Vital Proteins;

C. An Order declaring that Vital Proteins has not engaged in false designation of origin of any Mark owned by Sakara Life;

D. An Order declaring that Vital Proteins has not engaged in unfair competition under the laws of the United States or the laws of the States of Illinois or New York against Sakara Life;

E. An Order canceling Sakara Life's trademark "BEAUTY WATER," Registration Number 5,191,972, as it is descriptive and therefore invalid;

F. An award of damages, legal fees and costs arising out of this matter; and

G. That the Court award Plaintiff such other and further relief as it deems just and proper.

This 2nd day of October, 2017.

Respectfully submitted,

*/s/ Daniel S. Tyler*
Ryan M. Kaiser – Lead Counsel
Illinois Bar No. 6289873
Sanjay S. Karnik
Illinois Bar No. 6300156
Daniel S. Tyler
Illinois Bar No. 6315798
AMIN TALATI UPADHYE, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
T: (312) 327-3327
F: (312) 884-7352
ryan@amintalati.com
sanjay@amintalati.com
daniel@amintalati.com